MARTIN PARRY CORP. *v.* BERNER.

1. EVIDENCE—STATEMENTS AS TO PAST EVENTS—HEARSAY.
   Generally, conditions necessary to permit in evidence statements in regard to past occurrence, made by one who participated therein are: (1) that there is startling occasion, startling enough to produce nervous excitement and render utterance spontaneous and unreflecting; (2) that statement must have been made before there had been time to contrive and misrepresent; (3) that statement must relate to circumstances of occurrence preceding it.

2. SAME—EXCLAMATIONS MADE UNDER STRESS.
   Where witnesses who arrived soon after collision between truck and automobile occurred testified that they noticed no lights on truck, repeated exclamations of automobile driver, who was seriously injured in collision, uttered under stress of accident soon after it occurred, that "there weren't any lights," *held*, admissible in evidence, although not made in presence of driver of truck.

3. SAME—PHOTOGRAPHS OF SCENE OF ACCIDENT.
   Photographs of scene of collision between truck and automobile, occurring in evening, taken next morning, were admissible in evidence, where identified by witness as fair representations of situation as she saw it that night; weight of said evidence as tending to show that automobile was on right side of road at time of collision being for jury.

4. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   Evidence *held*, to present issues of fact as to negligence of truck driver and contributory negligence of automobile driver.

5. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AMOUNT RECOVERABLE FROM NEGLIGENT THIRD PARTY.
   In action against claimed negligent third party to recover money paid by employer's insurer under workmen's compensation act to employee injured in collision, where lump-sum settlement was had, it was error to permit recovery in excess of present worth of future payments, although insurer erroneously paid excessive amount (2 Comp. Laws 1929, § 8438).

---

On how near the main transaction must declarations be made to constitute them part of the *res gestae*, see annotation in 19 L. R. A. 733.

As to statements made by injured party, see annotation in 42 L. R. A. (N. S.) 952.

On admissibility of photographs of scene of accident, see annotation in 35 L. R. A. 808; 51 L. R. A. (N. S.) 853.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 16, 1932. (Docket No. 13, Calendar No. 36,500.) Decided September 16, 1932.

Case by Martin Parry Corporation, a foreign corporation, for the benefit of Ocean Accident & Guarantee Corporation, Ltd., a foreign corporation, against Charles E. Berner and another for sums paid under workmen's compensation act to employee for personal injuries alleged to have been caused by defendants' negligence. Verdict and judgment for plaintiff. Defendants appeal. Affirmed conditionally.

*Howard, Kimball & Howard,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

SHARPE, J. On September 25, 1929, Charlton G. Eden, an employee of the plaintiff, Martin Parry Corporation, sustained an injury, causing the loss of an arm, in a collision between an automobile he was then driving and a truck, owned by the defendant Carl A. Berner and driven by his brother Charles E. Berner. This corporation was operating under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), with its insurance carried by the Ocean Accident & Guarantee Corporation, Ltd. A report of compensable accident was filed with the department of labor and industry and further proceedings had, resulting in a settlement agreement whereby the insurer agreed to pay Eden the sum of $18 per week for 200 weeks, which was allowed by the department. After receiving payment for 41 weeks, Eden filed a petition for a lump-sum settlement, which was granted, and an allowance of $2,862—159 weeks at $18 per week—was

made therefor, for which a receipt, signed by him, was filed with the department.

This action was brought by the Martin Parry Corporation for the benefit of the insurance company to recover the moneys paid Eden and the sums paid by it to physicians and for hospital services and care and nursing. The plaintiff had verdict for $4,416.12. After denial of defendants' motions for judgment notwithstanding the verdict and for a new trial, a judgment was entered thereon, from which defendants have taken this appeal.

1. *Negligence.* It is urged that there was not sufficient evidence of the negligence of the defendant Charles E. Berner to justify submission of the case to the jury, and that the trial court, as a matter of law, should have found that Eden was guilty of contributory negligence.

The collision occurred on a pavement 20 feet in width on U. S. highway No. 12, a few miles east of the city of Kalamazoo. Eden was driving towards the west, and the truck came from the opposite direction. It was about the hour of 7:15 in the evening, and dark enough to necessitate the use of lights on the car and truck. They approached each other at a point where there was a decline in the road from both directions and a curve towards the north. The overhanging body of the truck struck the side of Eden's car, and amputated his left arm, which was resting on the edge of the open window of his car. The left front wheel was broken off, allowing the axle to strike the pavement, and, as plaintiff claims,. leaving a mark thereon as it proceeded across the pavement where it finally came to rest. The damage to the truck was slight.

It is plaintiff's claim that the truck was not lighted; that as it reached the curve it swung over on

Eden's side of the road, and thus caused the collision. The defendants claim that the truck was lighted, and that the collision was caused by Eden's car swinging over to the wrong side of the road at the curve. The driver of the truck testified positively that it was lighted in the usual manner. Eden testified that it had no lights on that he saw, and that, when he first observed it, "it was right on top of me."

Dean Sanford, accompanied by Virgilene Finley (now his wife), drove up behind the truck almost immediately after the collision. They testified that the first thing they saw was the lights on Eden's car as it went across the highway; that they did not notice any lights on the truck; that they at once went to the relief of Eden and placed him in their car. Mrs. Sanford testified that when in the car, but not in the presence of the driver of the truck, after uttering the name of his wife and two telephone numbers, "he kept saying there weren't any lights." This statement was received over objection, and it is now insisted that it was not admissible. A somewhat similar question was presented in *Rogers* v. *Railway Co.,* 187 Mich. 490. The applicable rule was therein stated by Mr. Justice KUHN (p. 494):

"It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it. 3 Wigmore on Evidence, § 1750 *et seq.*"

This quotation appears with approval in *Stone* v. *Sinclair Refining Co.,* 225 Mich. 344, and in *People*

v. *Giovannangeli,* 231 Mich. 474, and the rule so stated was in no way changed by the holding in *Sanborn* v. *Income Guaranty Co.,* 244 Mich. 99. Applying it to the facts here presented, it seems clear that the exclamations were admissible in evidence. See, also, Potter on Michigan Evidence, § 102, p. 166.

Photographs of the scene of the accident were taken the next morning. They were identified by Mrs. Sanford, who had driven back there, as "fair representations of the situation" as she saw it that night. They were received in evidence over defendants' objection. We think they were admissible and that the weight to be given this evidence tending to show that Eden's car was on his side of the road at the time of the collision was for the jury.

It will serve no useful purpose to further discuss the evidence. It presented issues of fact as to the negligence of the driver of the truck and Eden's contributory negligence, and no complaint is made as to the manner in which these questions were submitted to the jury.

2. *Amount collectible.* When the receipt showing payment of the amount fixed on the lump-sum settlement, $2,862, was put in evidence, counsel for the defendants objected thereto, on the ground that the present worth of the future payments should have been determined and the plaintiff had no legal right to pay any sum in addition thereto. The statute (2 Comp. Laws 1929, § 8438) provides that in such cases "the deferred payments be commuted on the present worth thereof at five per cent. per annum to one or more lump sum payments." Under this provision, the plaintiff was not required to pay more than the present worth of the payments due in the future, which it is conceded amounted to but $2,662.55. This excess of $199.45 was included in the verdict and judgment.

In our opinion, there was error in its inclusion. The statute provides for a determination of the present worth of the deferred payments, and the omission to do so was apparently an oversight on the part of the plaintiff and the commission in fixing the amount.

Counsel for the plaintiff call attention to our holding in *Eber* v. *Bauer*, 252 Mich. 571, wherein it was held that the amount of an award cannot be litigated in a collateral proceeding where the right of subrogation is sought to be enforced. The amount of the award is not here questioned. The liability of the defendants to the plaintiff is fixed by the amount it was legally compelled to pay to Eden when the lump-sum settlement was made. The sum of $199.45 should not have been included therein.

If the plaintiff will, within 15 days after the filing of this opinion, file a remittitur of this sum ($199.45), the judgment will stand affirmed; otherwise, a new trial will be granted. The appellants will recover their costs on this appeal.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.