### GRASSI v. AUSTERBERRY.

1. EVIDENCE—SELF-SERVING STATEMENT—RES GESTAE.
   A statement made by defendant after an automobile accident, to be admissible within the *res gestae* exception to the hearsay rule, must be spontaneous, excited or impulsive, and not the product of reflection and deliberation.

2. SAME—STATEMENT—RES GESTAE—DISCRETION OF COURT.
   Determination of whether a statement made by defendant after an automobile accident comes within the *res gestae* exception to the hearsay rule, requires the trial court to consider the

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 708, 718; 8 Am Jur 2d, Automobiles and Highway Traffic §§ 970–973.
   Admissibility as res gestae of statements or exclamations relating to cause of, or responsibility for, motor vehicle accident. 53 ALR 2d 1245.
[2] 29 Am Jur 2d, Evidence § 715.
[3] 29 Am Jur 2d, Evidence §§ 716–718.
[4] 29 Am Jur 2d, Evidence §§ 712, 718.
[5] 5 Am Jur 2d, Appeal and Error § 891.

time which has elapsed after the accident, the extent of the accident and injuries, and all the circumstances bearing on spontaneity and lack of deliberation, a question so complex and individualized that the trial judge must be given considerable leeway of decision.

3. SAME — SELF-SERVING STATEMENT — RES GESTAE — ADMISSION — AUTOMOBILE ACCIDENT.

Admission in evidence of testimony of police officer, who arrived at scene of accident within 2 minutes after receiving call to it, and within about 12 minutes of the time the accident happened, spoke immediately to defendant who was still in his vehicle at the scene of the accident, that defendant stated to him that he had seen no headlights on car in which plaintiff was riding with which he had collided, as *res gestae* statement, *held,* not error, when plaintiff examined defendant after such testimony was admitted and got defendant to affirm that when he spoke to the officer he was lucid and knew the situation and what he was talking about, but plaintiff did not then move to have the *res gestae* statement stricken, and there were eyewitnesses present who substantially verified the statement.

4. SAME—STATEMENT—RES GESTAE—ANSWER.

Fact that a statement is self-serving and made in response to question "what happened?" does not exclude it from *res gestae* exception to hearsay rule.

5. APPEAL AND ERROR—INSTRUCTIONS—SAVING QUESTIONS FOR REVIEW.

Alleged errors in instructions given to jury will not be considered by Court of Appeals when plaintiff fails to make timely objection to the instructions at the trial (GCR 1963, 516.2).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket Nos. 1,303, 1,304.)   Decided May 23, 1967.

Declaration by Carl Grassi, Sr., as next friend of Carl Grassi, Jr., a minor, against Charles R. Austerberry, and J. C. Austerberry Sons Co., a partnership, for personal injuries received by Carl Grassi, Jr., in an automobile accident with a car driven by Charles R. Austerberry on partnership

business.   Derivative action by Carl Grassi, Sr.,
against same defendants, for expenses incurred in
the same accident.   Verdict and judgment for de-
fendants in both cases.   Plaintiff appeals.   Affirmed.

*Sauer & Girard* (*Charles J. Porter*, of counsel),
for plaintiff.

*Hartman, Beier, Howlett & McConnell*, for de-
fendants.

J. H. Gillis, J.   Plaintiff, Carl Grassi, Sr., as
next friend of Carl Grassi, Jr., brought this action
for personal injuries received in an automobile
accident.   On February 20, 1960, plaintiff's minor
was a passenger in a 1960 Ford being driven north
on Telegraph road in Oakland county.   Defendant,
Charles R. Austerberry, was proceeding south on
Telegraph and as he attempted to turn left into
a shopping center his automobile was struck by
the vehicle in which the plaintiff's minor was a
passenger.

The accident occurred at approximately 12:30
a. m. on what was described as a clear but very
dark winter night.   There was no appreciable
lighting at the location of the collision.

There were three eyewitnesses to the accident,
all in separate vehicles proceeding in the same
direction as defendant.   The first witness testified
that at no time was he able to see any car lights
approaching from the south, and the headlights of
the "60" Ford were not turned on.   The second
witness testified that he saw nothing approaching
from the south and had no warning that an accident
was imminent.   The last eyewitness testified he
thought he saw headlights "just before the impact,
that's all."

The two police officers who investigated the accident testified that the photographs[1] taken at the accident indicated that the light switch in the vehicle occupied by plaintiff's minor was pulled out, *i. e.,* the lights were turned on. Plaintiff's minor and another passenger in the car testified that the headlights of their vehicle were on at all times prior to the accident.

Over plaintiff's objection, the trial court allowed one of the investigating officers to relate defendant's statement to the officer upon his arrival at the scene of the accident. This testimony is as follows:

"*Q*. Did you ask Mr. Austerberry what happened?

"*A*. Yes, sir, I believe that was my first question.

"*Q*. What was his response?

"*A*. He said he was stopped to make a left turn into Miracle Mile and that he had seen no one coming northbound and that he had just started out and just had started to cross the yellow line, when he was struck and that's all he knew.

"*Q*. Did he know what he had been struck by or did he so indicate?

"*A*. He said he didn't know. He said that he had seen no headlights or no lights coming."

The jury returned a verdict of no cause of action and plaintiff appeals from the judgment entered on this verdict and the court's denial of the motion for a new trial.

The first issue raised on appeal is whether reversible error was committed when the trial court admitted, as part of the *res gestae,* the officer's testimony relating defendant's statement. Plaintiff contends that the interval between the accident

---

[1] These actions were tried after another arising out of the same accident. These photographs were produced at the first trial but were lost prior to the trial we are now reviewing.

and statement was of a sufficient duration to exclude the declaration from the *res gestae* exception. Plaintiff also contends that the statement was made in response to a question and was self-serving and therefore inadmissible under the *res gestae* exception.

In considering the plaintiff's contentions, a recitation of general propositions relating to *res gestae* statements is in order. The decisive question as to whether a statement comes within the exception of *res gestae* is whether it was "spontaneous, excited or impulsive, or was it the product of reflection and deliberation? This attempt to reconstruct the state of another man's mind and emotions as of a moment in the past is so complex and individualized a judgment that the trial judge must be given considerable leeway of decision." McCormick, Evidence, § 272, p 580.

The trial court in arriving at its determination can consider "the time elapsing after the injury, the extent of the injuries, and all the circumstances bearing on spontaneity and lack of deliberation." *Fort Street Union Depot Co.* v. *Hillen* (CA 6, 1941), 119 F2d 307, 310.[2]

In the instant case the time of the accident was never definitely established although defense counsel stated: "I guess the testimony here is around 12:30 or thereabouts." The evidence also indicates that one of the eyewitnesses immediately phoned the police, who received the call at 12:40 a. m., were at the scene within two minutes and immediately spoke to defendant who was still in his vehicle.

On recross-examination defendant responded affirmatively to the question that, when he spoke

---

[2] For a more complete discussion on *res gestae* statements, see *Rice* v. *Jackson* (1965), 1 Mich App 105.

to the officer, "he was lucid and knew the situation * * * and what he was talking about." Plaintiff contends this latter statement establishes that the requirements of a *res gestae* statement were not met. However, it is important to note that this recross-examination was subsequent to the admission of the *res gestae* statement and the purpose of this examination was to demonstrate that defendant's injuries had not caused a loss of memory. The record discloses that at no time subsequent to this recross-examination did plaintiff make a motion to have the *"res gestae"* statement stricken.

Unlike many of the cases dealing with *res gestae* statements, there were eyewitnesses present who substantially verified the statement. The fact that the statement was made in response to the question, "What happened?" and was self-serving, does not exclude it from the *res gestae* exception. See *Martin Parry Corp.* v. *Berner* (1932), 259 Mich 621.

On the basis of these facts, we are of the opinion that reversible error was not committed in the admission of this statement.

The other allegations of error will not be considered as plaintiff failed to make timely objection to the instructions as given to the jury. See GCR 1963, 516.2.

Judgment affirmed. Costs to appellees.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.