PEOPLE v. NOBLE

1. Evidence — Criminal Law — Witnesses — Testimony — Res
   Gestae — Admissibility.
   There is no flexible rule as to what testimony is admissible
   under the *res gestae* exception to the hearsay rule, hence what
   is *res gestae* must be determined largely from the facts and cir-
   cumstances of each individual case.

2. Rape—Evidence—Witnesses—Testimony—Res Gestae—Admis-
   sibility.
   Testimony of apartment house caretaker relating her conversa-
   tion with prosecutrix 12 hours after defendant, the apartment
   house janitor, had attempted to rape the prosecutrix was
   properly admitted under the *res gestae* exception to the hear-
   say rule where the record clearly established that the prosecu-
   trix was highly excited and upset when she told the caretaker
   about the attempted rape (MCLA § 750.85).

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J.  Submitted Division 1 March 5,
1970, at Detroit.  (Docket No. 7,234.)  Decided
March 31, 1970.

Larry Noble was convicted of assault with intent
to commit rape. Defendant appeals.  Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,

---

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 708.
[2] 29 Am Jur 2d, Evidence §§ 716, 719.
   Time element as affecting admissibility of statements by victim
   of sex crime as res gestae.  19 ALR2d 579.

Prosecuting Attorney, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Brian Einhorn,* for defendant on appeal.

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Per Curiam. Defendant Larry Noble was convicted in recorder's court for the city of Detroit of assault with intent to commit rape.* The defendant waived trial by jury.

The prosecutrix, a 70-year-old woman, testified to having rented an apartment where the defendant lived and worked as a janitor. On June 3, 1968, the day she moved in, defendant followed her inside her apartment, demanded sexual intercourse, prevented her escape by holding a knife to her throat, knocked her to the floor, and then left when she screamed. She remained in her apartment the remainder of the evening and through the next morning, when, still in a highly excited state, she related the incident to the caretaker. The caretaker called the police.

Defendant argues that testimony of the caretaker relating her conversation with the prosecutrix 12 hours after the incident was hearsay and that it does not qualify for admission under the *res gestae* exception. In *People* v. *Dickinson* (1966), 2 Mich App 646, 650, this Court incorporated language found in *People* v. *Kayne* (1934), 268 Mich 186:

"No inflexible rule has ever been and probably never can be adopted as to what is a part of the *res gestae.* It must be determined largely in each case by the peculiar facts and circumstances incident thereto  *  *  * ."

---

* MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).

The record in the present case clearly establishes that the prosecutrix was highly excited and upset when she made the declarations. Further, the possibility of another attack may have caused the delay in the prosecutrix' detailing of the incident. Under such circumstances we cannot say that the statement was so remote in time as not to be a part of the *res gestae* of the crime. Once this determination is made both the fact and the details of the complaint are admissible in evidence. *People* v. *Woodward* (1970), 21 Mich App 549.

Since we find no error in the admission of certain statements under the *res gestae* exception, we need not review the ancient rule of the common law that the fact of complaint by a victim of rape can be shown in corroboration of the prosecutrix but the details can not. See *People* v. *Baker* (1930), 251 Mich 323, 324.