BROWNING v SPIECH

1. EVIDENCE—HEARSAY—EXCEPTIONS—RES GESTAE STATEMENTS—CON-
   DITIONS.

   The conditions upon which res gestae statements, as an exception
   to the rule prohibiting hearsay, will be allowed in evidence are:
   (1) that there is a startling occasion, startling enough to pro-
   duce nervous excitement, and render the utterance spontane-
   ous and unreflecting; (2) that the statement must have been
   made before there has been time to contrive and misrepresent;
   and (3) the statement must relate to the circumstances of the
   occurrence preceding it.

2. EVIDENCE—HEARSAY—EXCEPTIONS—SPONTANEOUS OR EXCITED UT-
   TERANCES—APPLICATION OF EXCEPTION.

   Application of the spontaneous or excited utterance exception to
   the hearsay rule depends entirely on the circumstances of each
   case.

3. EVIDENCE—HEARSAY—EXCEPTIONS—SPONTANEOUS OR EXCITED UT-
   TERANCES—TIME AS A CONSIDERATION.

   The amount of time between a startling event and a spontaneous
   or excited utterance is the first and most important considera-
   tion in determining whether a declaration comes within the
   spontaneous or excited utterance exception to the hearsay rule;
   there can be no definite and fixed limit of time beyond which a
   statement cannot come within the exception, but the farther a
   statement is removed from an event the more important other
   factors become in determining whether the statement is in fact
   spontaneous and not the result of reflection.

4. EVIDENCE—HEARSAY—EXCEPTIONS—SPONTANEOUS OR EXCITED UT-
   TERANCES—PHYSICAL CONDITION DURING INTERVAL.

   The physical condition of a declarant during an interval between
   a startling event and a declaration is an important factor in

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 29 Am Jur 2d, Evidence § 708.
[3] 29 Am Jur 2d, Evidence §§ 716–721
[5] 29 Am Jur 2d, Evidence § 713.
[6] 29 Am Jur 2d, Evidence § 715.

determining whether the declaration comes within the spontaneous or excited utterance exception to the hearsay rule.

5. EVIDENCE—HEARSAY—EXCEPTIONS—SPONTANEOUS OR EXCITED UTTERANCES—CONSIDERATION OF CIRCUMSTANCES—JUDGES—DISCRETION.

A court may consider all the circumstances bearing on spontaneity and the lack of deliberation in determining whether a declaration comes within the spontaneous or excited utterance exception to the rule prohibiting hearsay and the admission of such evidence is within the trial judge's discretion.

6. TRIAL—JUDGES—ABUSE OF DISCRETION—ELEMENTS.

An abuse of discretion involves a result so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

Appeal from Van Buren, David Anderson, Jr., J. Submitted May 8, 1975, at Grand Rapids. (Docket No. 21043.) Decided August 12, 1975.

Complaint by Betty Browning, administratrix of the estate of William Browning, deceased, against Patsy A. Spiech and Irene Spiech for wrongful death. Counterclaim by Patsy A. Spiech against plaintiff for damages resulting from the negligence of plaintiff's decedent. Judgment on wrongful death claim for defendants. Judgment for plaintiff on counterclaim. Plaintiff appeals. Affirmed.

*Daubert & Barron,* for plaintiff.

*James, Dark & Craig* (by *Arthur W. Brill*), for defendants.

Before: R. B. BURNS, P. J., and BASHARA and M. J. KELLY, JJ.

BASHARA, J. This is a personal injury case involving an automobile collision. Plaintiff, as ad-

ministratrix of her husband's estate, sought to recover damages against the defendants for the alleged negligent operation of an automobile by defendant Patsy Ann Spiech which resulted in the death of plaintiff's husband. Defendant Patsy Ann Spiech counterclaimed alleging that the decedent was negligent. The jury returned a verdict of no cause of action in both cases and the plaintiff appeals.

On March 9, 1972 the plaintiff's decedent was driving north on a curve on the outside lane on a road in Van Buren County. The defendant's car was proceeding south on the same road on the inside lane. The plaintiff's theory was that as a result of a recent snowfall which made the road slippery, the defendant lost control of her automobile and slid across the centerline into the decedent's automobile causing his death.

There were no witnesses to the collision and the defendant had no memory of the accident. The investigating officer on the scene for the Michigan State Police testified that, in his opinion, the collision took place in decedent's lane. An expert witness for the defendant testified that, after examination of the automobiles, it was impossible for him to determine the cause of the collision.

The collision occurred at approximately 12:05 p.m. The decedent was transferred first to a local hospital and then to Bronson Hospital in Kalamazoo, Michigan where he was treated by Dr. William Johnson. Portions of Dr. Johnson's deposition were admitted into evidence. Dr. Johnson testified that, on arrival, the decedent was in a generally poor condition, in shock, or going into shock, with rather extensive chest injuries and possible internal abdominal injuries. However, throughout this time the decedent remained conscious and was

given no pain medication. A physician's report was made by Dr. Johnson approximately one hour and eleven minutes after the collision. The relevant portion states:

"Patient comes in from Paw Paw from the local hospital after he had been involved in an auto accident. *Poorly responsive. Said a lady slid into his car.*" (Emphasis added.)

The trial judge excluded the above underlined portions as inadmissible hearsay testimony. The excluded testimony was critical to plaintiff's case since there were no eyewitnesses to the collision.

The plaintiff first contends that decedent's declaration to Dr. Johnson that the defendant's automobile slid into him satisfied the res gestae or spontaneous excited utterance exception to the hearsay rule.

The rationale and the criteria to determine whether a statement comes within the exception was discussed in *Rice v Jackson,* 1 Mich App 105, 110, 111; 134 NW2d 366 (1965):

"Under the general heading of *res gestae* there have emerged exceptions to the rule prohibiting hearsay evidence for statements uttered under the stress of excitement produced by a startling event, and made before the declarant has had time or opportunity to reflect or contrive. Whether labled 'excited utterances,' 'spontaneous exclamations,' or, more generally, '*res gestae* statements,' they are admissible because special reliability is thought to be furnished by the excitement which suspends the powers of reflection and fabrication.

"In Michigan, the law regarding *res gestae* is clear. From *Rogers v Saginaw-Bay City R Co* (1915), 187 Mich 490, to *Holtz v L J Beal & Son, Inc* (1954), 339 Mich 235, the conditions upon which such statements will be

allowed in evidence are (1) that there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and unreflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent; and (3) the statement must relate to the circumstances of the occurrence preceding it."

An automobile collision qualifies as a sufficiently startling occasion to produce nervous excitement and to render the utterance spontaneous and unreflective. See *Martin Parry Corp v Berner,* 259 Mich 621; 244 NW 180 (1932), *Grassi v Austerberry,* 6 Mich App 690; 150 NW2d 529 (1967). Likewise, it is clear that the declaration was related to the circumstances of the occurrence. The problem presented in this case is whether the decedent's declaration one hour and eleven minutes after the occurrence was spontaneous and made before there was time to contrive and misrepresent.

The older cases in Michigan strictly require that the declaration be made either contemporaneously or immediately after the occurrence.[1] The modern trend in Michigan has been to expand the rule to virtually dispense with the requirement that the declaration be made either contemporaneously or

---

[1] In *White v City of Marquette,* 140 Mich 310, 314; 103 NW 698 (1905), the Court in refusing to allow a response to a question made more than an hour after the occurrence stated: "[I]f such statement is made at or near the time and place of the accident, is spontaneous, and so closely connected with the occurrence as to be evoked or prompted by it, it becomes part of the transaction itself, and is admissible as res gestae. On the other hand, narrations not the natural and spontaneous outgrowth of the occurrence, and so far separated from the act they are alleged to characterize that they are not a part of it, and so connected with it as to receive credit from it, are purely narratives of a transaction already past and completed, and are hearsay." *See also Gilbert v Ann Arbor R Co,* 161 Mich 73; 125 NW 745 (1910), and *Stone v Sinclair Refining Co,* 225 Mich 344; 196 NW 339 (1923).

immediately after the occurrence.[2] However, this trend has been severely criticized.[3] In *People v Meyer,* 46 Mich App 357, 366; 208 NW2d 230 (1973), our Court noted with approval Professor Wigmore's approach which indicated that the application of the spontaneous or excited utterance exception "depends entirely on the circumstances of each case", while time is only one of the factors to be considered, 6 Wigmore, Evidence (3rd ed), § 1750, p 144.

The first and most important consideration is time, that is, the time between the startling event and the spontaneous or excited utterance. See *Nemeth v Ford Motor Co,* 61 Mich App 359; 232 NW2d 404 (1975). However, as Professor Wigmore points out "there can be *no definite and fixed limit* of time" in determining whether a declaration comes within the spontaneous or excited utterance exception. 6 Wigmore, Evidence (3rd ed), *supra,* p 143. "[T]he more the statement is removed from the event, the more important other factors [other than time] become in determining whether the statement is in fact spontaneous and not the result of reflection." *Nemeth v Ford Motor Co, supra.*

A second important factor in determining whether a declarant had time to contrive or reflect before making the statement is the physical condition of the declarant. As Judge, now Justice, Levin said in his concurring opinion in *People v Ivory Thomas,* 14 Mich App 642, 652; 165 NW2d 879 (1968), quoting McCormick, Evidence, § 272, p 581:

"When the statement follows the event, the length of

---

[2] *See People v Noble,* 23 Mich App 100; 178 NW2d 118 (1970), and *People v Payne,* 37 Mich App 442; 194 NW2d 906 (1971), *lv den* 388 Mich 760 (1972).

[3] Robinson, *Evidence, 1974 Annual Survey of Michigan Law,* 21 Wayne L Rev 437, 450–452 (1975).

the interval between the startling event and the declaration is often crucial. *Whether this period affords opportunity for contrivance will be much affected by the declarant's physical condition during the interval, and shock, pain, unconsciousness and like stresses will tend to postpone that opportunity."* (Emphasis supplied in *Thomas, supra.)*

Another factor for consideration as to whether the spontaneous or excited utterance exception applies is whether the declaration was self-serving or made in response to a question. It is clear that the decedent's declaration that defendant's car slid into him was self-serving, however, the fact that a declaration is self-serving, does not exclude it from the spontaneous or excited utterance exception. See *Martin Parry Corp v Berner, supra,* and *Grassi v Austerberry, supra.* Generally, when the question does not suggest the answer and the other factors are satisfied, then the spontaneity of the declaration is not destroyed. See *Rice v Jackson, supra.* In this case the record is not clear as to whether the decedent's declaration was in response to a question. Furthermore, the trial judge is not limited to the above considerations but may consider " 'all the circumstances bearing on spontaneity and lack of deliberation' " in determining whether a declaration comes within the spontaneous or excited utterance exception.[4] *Grassi v Austerberry, supra,* p 694.

The foregoing are factors which the trial judge must consider in determining whether the statement should be admitted into evidence. However, it must be borne in mind that the admission of this evidence is largely a matter for the trial

[4] *See Rice v Jackson,* 1 Mich App 105; 134 NW2d 366 (1965), where frantic activity by declarant during a fire was an important consideration, and *People v Noble,* 23 Mich App 100; 178 NW2d 118 (1970), where declarant was highly excited and feared reprisal.

judge's discretion. *Grassi v Austerberry, supra.*
*Spalding v Spalding,* 355 Mich 382, 384–385; 94
NW2d 810 (1959), provides an excellent guide to
appellate courts in determining whether the trial
court abused its discretion:

"Where, as here, the exercise of discretion turns upon
a factual determination made by the trier of the facts,
an abuse of discretion involves far more than a differ-
ence in judicial opinion between the trial and appellate
courts. The term discretion itself involves the idea of
choice, of an exercise of the will, of a determination
made between competing considerations. In order to
have an 'abuse' in reaching such determination, the
result must be so palpably and grossly violative of fact
and logic that it evidences not the exercise of will but
perversity of will, not the exercise of judgment but
defiance thereof, not the exercise of reason but rather
of passion or bias."

Under such a test we perceive no abuse of
discretion by the trial judge in refusing to admit
the decedent's statement under the spontaneous or
excited utterance exception to the hearsay rule.
Since plaintiff's final allegation of error was depen-
dent on our finding the decedent's declaration
admissible, it is not necessary for us to discuss
that contention.

Affirmed.