DUMANSKY v ABNEY

(DUMANSKY v SECRETARY OF STATE)

1. TRIAL—JURY—TRIER OF FACT—DIRECTED VERDICT—QUESTION OF
   FACT.

   The jury, not the trial judge, is the trier of fact, and whenever a
   fact question exists upon which reasonable persons may differ,
   the trial judge should not direct a verdict.

2. TRIAL—MOTIONS—DIRECTED VERDICT—EVIDENCE—PRIMA FACIE
   CASE.

   In deciding whether to grant a motion for a directed verdict, the
   trial judge should accord to the nonmoving party the benefit of
   viewing the testimony and all the legitimate inferences that
   may be drawn from it in a light most favorable to the nonmov-
   ing party; if the evidence, when viewed in this manner, estab-
   lishes a prima facie case, the motion for a directed verdict
   should be denied.

3. AUTOMOBILES—SECRETARY OF STATE—MOTOR VEHICLE ACCIDENT
   CLAIMS FUND—UNIDENTIFIED TORTFEASOR—DAMAGES—DI-
   RECTED VERDICT—STATUTES.

   The tortfeasor in a personal injury action against the Secretary
   of State as director of the Motor Vehicle Accident Claims Fund
   and as statutory agent of an unidentified motorist must be
   unidentified in order for a plaintiff to recover damages from the
   fund; however, where an identified person is named as a
   defendant but the defendant offers evidence that he was not the
   tortfeasor, then a jury could find that the named defendant was
   not the tortfeasor and, therefore, a directed verdict dismissing
   the plaintiff's action for recovery from the Motor Vehicle
   Accident Claims Fund on the basis that the tortfeasor was not
   unidentified is improper (MCLA 257.1112, 257.1117; MSA
   9.2812, 9.2817).

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 500.
[2] 75 Am Jur 2d, Trial §§ 530–537.
[3, 4] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*

4. AUTOMOBILES—MOTORCYCLES—MOTOR VEHICLE ACCIDENT CLAIMS
    FUND—UNIDENTIFIED TORTFEASOR—NEGLIGENCE—DIRECTED
    VERDICT.

    A directed verdict for the Secretary of State in a personal injury
    action against the Secretary of State, as the Director of the
    Motor Vehicle Accident Claims Fund and as the statutory
    agent for an unidentified motorist, based on the lack of evi-
    dence of negligence on the part of an unidentified motorist was
    improper where there was some evidence of negligence on the
    part of a motorcyclist whom the jury could have found to be
    unidentified.

Appeal from Macomb, Edward J. Gallagher, J. Submitted June 7, 1977, at Lansing. (Docket No. 28554.) Decided October 11, 1977.

Complaint by Peter Dumansky and Margaret Dumansky against William R. Abney for damages for personal injuries suffered by Peter Dumansky when struck by a motorcycle. The Secretary of State, as Director of the Motor Vehicle Accident Claims Fund, was added as a party defendant by stipulation. On stipulation of the parties the action against William R. Abney was dismissed with prejudice. A directed verdict was entered for the Secretary of State. Plaintiff appeals. Reversed and remanded.

*Salisbury, Ciampa and Franco,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Motor Vehicle Accident Claims Fund.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

    * Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This is a personal injury action against the Secretary of State as Director of the Michigan Motor Vehicle Accident Claims Fund and statutory agent of an unidentified motorist. MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.* Plaintiffs' action was dismissed on defendant's motion for directed verdict at the close of plaintiffs' proofs. Plaintiffs appeal as of right.

In *Caldwell v Fox,* 394 Mich 401, 407; 231 NW2d 46 (1975), the Court stated:

"At the outset we reiterate a well-established principle of law: The jury, not the trial judge, is the trier of fact. Whenever a fact question exists, upon which reasonable persons may differ, the trial judge may not direct a verdict. Conversely, when no fact question exists, the trial judge is justified in directing a verdict. In deciding whether or not to grant a motion for a directed verdict, the trial judge must accord to the non-moving party the benefit of viewing the testimony and all legitimate inferences that may be drawn therefrom in a light most favorable to the non-moving party. If the evidence, when viewed in this manner, establishes a prima facie case, the motion for a directed verdict must be denied. In *Detroit & Milwaukee R Co v Van Steinburg,* 17 Mich 99, 117 (1868), Chief Justice THOMAS M. COOLEY said:

" 'In determining this question, we must look at the case as it appears from the plaintiff's own testimony, unqualified by any which was offered on the part of the defendants, and must concede to him any thing which he could fairly claim upon that evidence. He had a right to ask the jury to believe the case as he presented it; and, however improbable some portions of his testimony may appear to us, we can not say that the jury might not have given it full credence. It is for them, and not for the court to compare and weigh the evidence.'

"This standard was most recently reaffirmed in *Dodd v Secretary of State,* 390 Mich 606, 612; 213 NW2d 109 (1973), where it was said that the court must 'view the

testimony in the light most favorable to the plaintiff and draw the reasonable inferences therefrom which are in his favor'."

Plaintiffs' case contained the eyewitness testimony, by way of deposition, of Stephen Merritt who testified that the Plaintiff Peter Dumansky had been run down by an inattentive motorcyclist. This witness had managed to take several photographs showing Peter Dumansky shortly after being hit and purporting to show the offending motorcycle and its two riders. All parties agree that the driver pictured in these photographs is the original defendant in this suit, William Abney.

In order for these plaintiffs to recover from the Accident Claims Fund the tortfeasor must be unidentified. See MCLA 257.1112; MSA 9.2812 and MCLA 257.1117; MSA 9.2817. If it is assumed that William Abney was the tortfeasor then plaintiffs can have no recovery from the Accident Claims Fund since the tortfeasor would not be unidentified. However, Abney testified that he was not the driver of the motorcycle that struck the plaintiff. The pictures were taken subsequent to the collison and witness Merritt was not able to identify Abney as the driver of the offending motorcycle. Therefore, a jury could have found that Abney was not the tortfeasor.

In granting the directed verdict the circuit court stated in part:

"THE COURT: Well, there is one thing that neither of you have touched upon. The act requires that the unidentified person be negligent. And the negligence be the proximate cause of the accident.

"Now, the Plaintiff's injuries were approximately caused by something, but there isn't anything that can be argued to that Jury that was the negligence of

anybody on a motorcycle, unless it was Abney, nobody else can testify. You can't exclude—you can't take Merritt's testimony and exclude Abney. * * * I suggest to you that there is nothing at this point for a Jury to decide. The motion is granted.

\* \* \*

"If I were to let the matter go to the Jury in its present condition, I would be telling the Jury you have heard a great deal of disjointed material, and I suggest to you that engages in speculation and determine whether or not it would have been Abney who hit Dumansky, or somebody other than Abney hit Dumansky.

\* \* \*

"I do not believe in letting Juries speculate. I will not let this one speculate, and it would be pure speculation. I'm sorry."

Aside from the testimony of witness Merritt there was an absence of evidence from which negligence by a motorist could reasonably be inferred. Merritt's deposition, however, contains testimony to the effect that he saw a motorcycle driver whom he cannot identify negligently run down the plaintiff; that he, Merritt, then photographed the plaintiff rolling on the ground and then a few seconds later "put the camera down to watch the machine that hit him". Merritt had no doubt that he then photographed the driver of the offending motorcycle. But he had taken his eyes off of the motorcyclist for a moment when he looked at the man lying in the street. Merritt was able to identify the motorcycle by virtue of its unique composition, but the witness stated that his attention was first directed toward the various unusual items on the motorcycle "[w]hen he parked in the street just after the impact". From this evidence it would be possible for a jury to conclude that the witness, Merritt, had seen a motorcycle negligently run

down the plaintiff, that Merritt momentarily lost sight of that motorcycle and then erroneously fixed his sight on Abney's motorcycle. In sum, evidence of negligence was presented. An issue of fact then existed as to whether the individual that witness Merritt observed immediately before the accident was Abney or an unidentified motorcyclist, and therefore the trial court erred in directing the verdict.

On remand should plaintiffs offer Sharon Turner's testimony regarding an unidentified motorcyclist's statement made shortly after the accident, the trial court should consider whether that testimony is admissible under the excited utterance exception to the hearsay rule. *Grassi v Austerberry,* 6 Mich App 690; 150 NW2d 529 (1967), *Rice v Jackson,* 1 Mich App 105; 134 NW2d 366 (1965).

Reversed and remanded. Costs to plaintiffs.