PEOPLE v KOWALAK (ON REMAND)

Docket No. 187956. Submitted January 9, 1996, at Lansing. Decided
    February 23, 1996, at 9:00 ᴀ.ᴍ. Leave to appeal sought.

Tomas L. Kowalak was bound over for trial in the Oakland
    Circuit Court on a charge of first-degree murder in connection
    with the death of his mother. At the preliminary examination,
    a friend of the victim testified that the victim had told her that
    the defendant threatened to kill the victim after the victim
    testified against the defendant in a court hearing concerning
    the custody and visitation of the defendant's children. The trial
    court, Francis X. O'Brien, J., denied the defendant's motion to
    quash the information or suppress the testimony of the victim's
    friend. The Court of Appeals denied the defendant's application
    for leave to appeal the denial of his motion. The Supreme
    Court, in lieu of granting leave, remanded the case to the Court
    of Appeals for consideration as on leave granted. 449 Mich 902
    (1995).

On remand, the Court of Appeals *held:*

1. The defendant's statement to his mother is not hearsay.
MRE 801(d)(2) provides that a statement is not hearsay if the
statement is offered against a party and is the party's own
statement.

2. The testimony of the friend of the victim falls within the
excited utterance exception to the rule against hearsay. MRE
803(2). The statement of the victim to her friend arose out of a
startling event, was made before there was time for contrivance
or misrepresentation by the victim, and related to the circum-
stances of the startling event. Independent proof that the
startling event took place, a requirement for the admission of
the excited utterance, is provided by circumstantial evidence.

Affirmed.

Eᴠɪᴅᴇɴᴄᴇ — Hᴇᴀʀsᴀʏ — Exᴄɪᴛᴇᴅ Uᴛᴛᴇʀᴀɴᴄᴇ.

A statement is admissible under the excited utterance exception

Rᴇꜰᴇʀᴇɴᴄᴇs

Am Jur 2d, Evidence § 865.
When is hearsay statement an excited utterance admissible under
    Rule 803(2) of the Federal Rules of Evidence. 48 ALR Fed 451.

to the rule against hearsay if the statement arises out of a startling event, is made before there is time for contrivance or misrepresentation by the declarant, and relates to the circumstances of the startling event and there is independent proof, direct or circumstantial, that the startling event took place (MRE 803[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

*Michael J. Modelski,* for the defendant.

### ON REMAND

Before: MARKMAN, P.J., and MURPHY and HOEKSTRA, JJ.

MARKMAN, P.J. Defendant was charged with murder in the first-degree, MCL 750.316; MSA 28.548, for the killing of his mother on February 24, 1993. Defendant's preliminary examination occurred on March 10, 1993, after which defendant was bound over. Defendant unsuccessfully moved to quash the information or to suppress the testimony of a friend of his mother concerning threats defendant had allegedly made to his mother earlier on the day of her death. Defendant filed an emergency application for leave to appeal in this Court, which was denied by a panel on July 17, 1995. By order, the Michigan Supreme Court on August 3, 1995, remanded this matter "for consideration as on leave granted." 449 Mich 902 (1995). We now consider defendant's appeal and we affirm.

Defendant's mother, Jessie Kowalak, testified at a child custody/visitation hearing on the day of

her death. The gravamen of her testimony was that she was concerned about the ability of her son to care for his children (and her grandchildren) given that he had a "severe problem with alcohol." She testified that she believed "that he should not be involved with those little boys." As a result of this hearing, defendant was denied visitation rights with his children. Nancy Moore, a witness in the instant case, testified that she spoke with Jessie Kowalak on the telephone shortly after the hearing concluded. She described Jessie Kowalak as "petrified" and "scared to death." Over the objection of defendant's counsel, Nancy Moore testified:

> [Jessie Kowalak] called me up and she was petrified and she says ' "I need to talk to you" and I says "What's up" and she says "Well on the way out after court, on the way out of the courthouse, Tommy told me that he was going to kill me for what I did to him."

Moore testified further that when she visited Jessie Kowalak at her home several minutes later, Jessie Kowalak told her, "It was the hardest thing that I have ever done is testify against my own son in court; now I am going to die for it."

The trial court ruled that Jessie Kowalak's statement was not inadmissible hearsay but was admissible under either Michigan Rule of Evidence 803(2) as an excited utterance or MRE 803(3) as evidence of a then existing mental, emotional, or physical condition.

We first analyze defendant's alleged statement to his mother that he was going to "kill her" for what she had done in the custody/visitation hearings. This statement was properly admitted by the trial court. Under MRE 801(d)(2), "A statement is not hearsay if . . . the statement is offered against

a party and is (A) the party's own statement."
Therefore, defendant's statement to his mother
allegedly communicating a threat is not hearsay at
all.

We next analyze whether Nancy Moore's testi-
mony referencing Jessie Kowalak's statement
about her son's alleged threat is admissible. Be-
cause Jessie Kowalak did not testify herself and
because her statement referenced by Nancy Moore
was offered to prove the truth of the matter as-
serted, i.e., that defendant threatened his mother
shortly before her death, Nancy Moore's statement
clearly is hearsay. MRE 801(c).

However, under MRE 803(2), we believe that
Jessie Kowalak's testimony falls within the "ex-
cited utterance" hearsay exception. This exception
encompasses any "statement relating to a startling
event or condition made while the declarant is
under the stress of excitement caused by the event
or condition."

In the present case, the custody/visitation hear-
ing ended at approximately 2:45 P.M. Presumably,
the statement made by defendant to his mother
occurred immediately or shortly after the conclu-
sion of the hearing. Mrs. Kowalak called Nancy
Moore at approximately 3:30 P.M. and indicated at
that time that she was "petrified" and "scared to
death" by her son's statement.

The Supreme Court has set forth three criteria
that must be met before a statement can be admit-
ted into evidence as an excited utterance. First,
the statement must arise out of a startling event;
second, it must be made before there has been
time for contrivance or misrepresentation by the
declarant; and third, it must relate to the circum-
stances of the startling event. *People v Straight,*
430 Mich 418, 424; 424 NW2d 257 (1988), citing
*People v Gee,* 406 Mich 279, 282; 278 NW2d 304

(1979). Admission of hearsay testimony under the excited utterance exception is within the discretion of the trial court. *People v Creith,* 151 Mich App 217, 223; 390 NW2d 234 (1986).

It is hard to conceive of a more startling (or terrifying) event with which one might be confronted than a serious death threat. This is especially true when such a death threat has been made by one's own son.[1] Within thirty to forty-five minutes of such threat, Jessie Kowalak telephoned Nancy Moore seeking to have Moore come to Jessie Kowalak's home. Particularly when the victim's age (eighty-two) is taken into account, as well as the trauma that she must have felt at having testified against her son's interest at the custody/visitation hearing, we do not believe that an interval of thirty to forty-five minutes is sufficiently long to undermine the trustworthiness of Jessie Kowalak's statement to Nancy Moore. The Supreme Court's excited utterance test "does not contemplate a sequence in which the utterance necessarily follows immediately on the startling event." *Straight, supra* at 424. "Properly understood, *Gee's* requirement that the statement must 'be made before there has been time to contrive and misrepresent' is simply a reformulation of the inquiry as to whether the statement was made when the [declarant] was still under the influence of an overwhelming emotional condition." *Id.* at 425.

We agree with the trial court that Jessie Kowalak's "statement did relate back to a startling event"—namely, the death threat by her son—and we disagree with defendant that "too much time

---

[1] The seriousness of the death threat may be inferred from the stakes involved in the custody/visitation hearing, the extraordinary circumstances of a mother testifying against the interests of her son, and the son's expressly stated feeling that his mother was lying in the process.

passed" between the startling event and the time at which Jessie Kowalak spoke to Nancy Moore. While a thirty to forty-five minute interval may be too long to invoke the excited utterance exception under different circumstances, the trial court "may consider all the circumstances bearing on spontaneity and lack of deliberation" in determining whether a declaration comes within the excited utterance exception. *Browning v Spiech,* 63 Mich App 271, 277; 234 NW2d 479 (1975); *Straight, supra* at 425. "There can be no definite and fixed limit of time in determining whether a declaration comes within the excited utterance exception." *Browning, supra* at 276, quoting 6 Wigmore, Evidence (3d ed), p 143. Lapses of time considerably exceeding the thirty to forty-five minute period in this case have been previously held not to preclude invocation of the excited utterance exception. See, e.g., *People v Draper,* 150 Mich 481, 486; 389 NW2d 89 (1986) (one week); *People v Soles,* 143 Mich App 433, 438; 372 NW2d 588 (1985) (five days).

Defendant further argues that the Supreme Court in *People v Burton,* 433 Mich 268, 294-295; 445 NW2d 133 (1989), held that, in order to admit an excited utterance, some "independent proof, direct or circumstantial, that the [startling] event ever took place" must be in evidence. Absent such independent proof, the witnesses' statements in court are not admissible. *Burton, supra* at 294. Although we conclude that there is no direct evidence that such an event ever occurred, we believe that strong circumstantial evidence exists sufficient to establish a foundation for the excited utterance. The circumstantial evidence consists of the following: first, the record of the custody/visitation hearing at which Jessie Kowalak testified against her son under difficult and emotional cir-

cumstances and at which her son, highly disturbed about her testimony, accused her of falsely testifying against him; second, the testimony of Nancy Moore concerning Jessie Kowalak's emotional state during the telephone conversation with Nancy Moore; third, the fact of Nancy Moore's presence at Jessie Kowalak's home shortly after the conclusion of the hearing at the latter's request, a fact consistent with Jessie Kowalak's need to have another person with her for security's sake; and fourth, the testimony by Nancy Moore concerning Jessie Kowalak's emotional state during Moore's visit at her home. We find this independent evidence cumulatively sufficient to establish a foundation for the admission of the excited utterance in the instant case.

Because we believe Nancy Moore's statements to be admissible under MRE 803(2), we need not decide whether they were also admissible under MRE 803(3).

Affirmed.