PEOPLE v JENSEN

Docket No. 185539. Submitted November 5, 1996, at Grand Rapids. Decided April 4, 1997, at 9:10 A.M. Leave to appeal sought.

Brenda L. Jensen was convicted by a jury in the Muskegon Circuit Court, Michael E. Kobza, J., of three counts of having the knowledge that she is HIV positive and engaging in sexual penetration without informing her partner of her HIV status. She was sentenced to concurrent prison terms of two years and eight months to four years for the convictions. The defendant appealed.

The Court of Appeals *held*:

1. Even if the trial court erred in refusing to admit the defendant's proffered evidence that allegedly showed that the defendant lacked the ability to consent to sexual relations with the victim, the error was harmless in light of the overwhelming evidence of the defendant's guilt. Nothing about the circumstances surrounding the offenses indicates that the defendant did not engage in consensual sexual intercourse. The outcome of the trial would not have been different if the evidence had been admitted.

2. The trial court did not err in excluding certain evidence of alleged duress on hearsay grounds. If the evidence were admissible under an exception to the hearsay rule, the error in failing to admit the evidence was harmless in light of the overwhelming evidence of the defendant's guilt. There is no reasonable probability that the alleged error affected the outcome of the trial.

3. The trial court did not err in refusing to instruct the jury with regard to the defense of duress.

4. There was sufficient evidence that the defendant knew that she was HIV positive when she engaged in sexual intercourse with the victim. Any error in the admission of evidence regarding the defendant's blood test was harmless in light of the overwhelming evidence of her guilt. There is no reasonable probability that the alleged error affected the outcome of the trial.

5. The trial court did not err in denying the defendant's motion for a mistrial after a witness briefly indicated that the defendant, in spite of knowing that she was HIV positive, previously had engaged in unprotected sexual intercourse with men other than the victim in this case. The evidence was not prejudicial to the defendant

because the jury was properly instructed to disregard the testimony and the evidence of the defendant's guilt was overwhelming.

6. The sentences are proportionate.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — HEARSAY — EXCEPTIONS — ADMISSIONS BY A PARTY.

The exception to the hearsay rule providing that a statement is not hearsay if it is offered against a party and is the party's own statement is not applicable to statements of a party offered by that party to support that party's own claims (MRE 801[d][2]).

2. CRIMINAL LAW — EVIDENCE — HEARSAY — EXCEPTIONS — EXCITED UTTERANCES.

Three criteria must be met before a statement can be admitted into evidence under the excited utterance exception to the hearsay rule: the statement must arise out of a startling event, it must be made before there has been time for contrivance or misrepresentation by the declarant, and it must relate to the circumstances of the startling event (MRE 803[2]).

3. CRIMINAL LAW — EVIDENCE — HEARSAY — EXCEPTIONS — STATEMENTS AGAINST PENAL INTEREST — TRUSTWORTHINESS.

A statement does not meet the requirement of trustworthiness imposed by the exception to the hearsay rule regarding statements against penal interest unless corroborating circumstances clearly indicate the trustworthiness of the statement (MRE 804[b][3]).

4. CRIMINAL LAW — FAILURE TO INFORM SEXUAL PARTNER OF KNOWN HIV POSITIVE Status.

The statute making it a felony for a person having knowledge that the person is HIV positive to engage in sexual penetration without informing the person's partner of the person's HIV status requires only that the person know that the person is HIV infected whereas, with respect to AIDS, the statute requires that a person know that the person has or has been diagnosed as having AIDS (MCL 333.5210; MSA 14.15[5210]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Kevin A. Lynch*, Senior Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for the defendant on appeal.

Before: MARKEY, P.J., and MICHAEL J. KELLY and M. J. TALBOT*, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of three counts of having the knowledge that she was HIV positive and engaging in sexual penetration without informing her partner of her HIV status, MCL 333.5210; MSA 14.15(5210). Thereafter, defendant was sentenced to concurrent prison terms of two years and eight months to four years. She now appeals as of right. We affirm.

On October 12, 1990, defendant was diagnosed as being HIV positive. Subsequently, pursuant to a probate court order finding defendant legally incapacitated by reason of mental deficiency, defendant was entrusted to the full-time guardianship of Robert Laughing Wolf. Thereafter, defendant moved into an adult foster care home owned by Laughing Wolf. Once under the guardianship of Laughing Wolf, and while living in the foster care home, defendant was routinely counseled by several individuals about her illness and the legal necessity of informing any potential sexual partners of her HIV status. Laughing Wolf testified that he repeatedly spoke to defendant concerning her HIV status and the necessity of informing her sexual partners of her condition. The foster care home supervisor, James Graves, and his wife, Jody Graves, both testified that they, too, spoke to defendant on numerous occasions about her HIV status and counseled her concerning the necessity to inform her sexual partners of her status. Laughing Wolf and the Graves all testified that defendant understood her legal responsibility to inform her partners of her con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dition. However, Laughing Wolf testified that defendant openly expressed her dislike for this responsibility and her reluctance to inform her partners of her HIV status.

In July 1994, defendant was temporarily living at a motel when she met the victim, a tenant of the motel. The two engaged in unprotected sexual intercourse in defendant's room on two separate occasions. Thereafter, defendant returned to the foster care home. Subsequently, the victim visited defendant at her foster care home and the two went to an abandoned apartment where they again engaged in sexual intercourse. The victim testified at trial that, in each instance, the sexual intercourse was not the result of any force or threat on his part and at no time did defendant inform him that she was HIV positive.

When she returned to the foster care home, defendant began boasting about having sex with the victim. Defendant admitted to Laughing Wolf and James Graves that she had not informed the victim that she was HIV positive because she believed that, if she had, she would not have been able to "hook up" with him. When defendant told Laughing Wolf that she had unprotected sex with the victim without informing him she was HIV positive, she never mentioned anything about being afraid of the victim. Laughing Wolf contacted the authorities, and defendant was arrested on July 25, 1994, and charged with three counts of having the knowledge that she was HIV positive and engaging in sexual penetration without informing her partner of her HIV status. Officer Scott Berry of the Muskegon Police Department testified that during an interview with defendant she did not indicate that she

had been forced to engage in sexual relations with the victim.

First, defendant claims that the statute requiring a person who has AIDS or is HIV positive to inform potential sexual partners of that condition before engaging in sexual penetration, MCL 333.5210; MSA 14.15(5210), is unconstitutionally overbroad. Defendant also claims that the statute is unconstitutional because it impinges on her right of privacy and her right to be free from compelled speech. Defendant failed to preserve these issues for appellate review by failing to challenge the constitutionality of the statute below. *People v Gezelman (On Rehearing)*, 202 Mich App 172, 174; 507 NW2d 744 (1993). We decline to consider these claims because we believe they would not be decisive to the outcome of this case. *People v Grant*, 445 Mich 535, 546; 520 NW2d 123 (1994); *In re Hildebrant*, 216 Mich App 384, 389; 548 NW2d 715 (1996).

Next, defendant claims that the trial court erred in refusing to allow defendant to raise the defenses of consent and duress. We disagree.

With respect to the defense of consent, without determining whether consent is a valid defense to the charges against defendant, we hold that even if the trial court erred in refusing to admit defendant's proffered evidence that allegedly showed that defendant lacked the ability to consent to sexual relations with the victim, the error was harmless in light of the overwhelming evidence of defendant's guilt presented at trial. Nothing about the circumstances surrounding the offenses committed by defendant indicates that defendant did not engage in consensual sexual intercourse with the victim. We are convinced that the

outcome of the trial would not have been different had defendant's evidence regarding lack of consent been presented below. *People v Hall*, 435 Mich 599, 609, n 8; 460 NW2d 520 (1990); *People v Hubbard*, 209 Mich App 234, 243; 530 NW2d 130 (1995).

Defendant also claims that the trial court erred in excluding certain evidence of duress. Specifically, defendant argues that the trial court erred in excluding, on hearsay grounds, certain statements allegedly made by defendant to her roommate at the adult foster care home. We disagree.

On the second day of trial, the prosecution moved to strike defendant's roommate from its witness list. The prosecutor alleged that the roommate's proposed testimony, consisting of defendant having told the roommate that she had unprotected sex with the victim, that she did not tell the victim that she was HIV positive because she was afraid he might kill her, and that the victim would not leave her room until they had sex, was essentially exculpatory, self-serving inadmissible hearsay. Defendant argued that the roommate's testimony was admissible under the hearsay exceptions contained in MRE 801(d)(2) (admission by a party), MRE 803(1) (present sense impression), MRE 803(2) (excited utterance), and MRE 804(b)(3) (statement against penal interest). The trial court found the testimony to be inadmissible.

A hearsay statement is an unsworn, out-of-court statement that is offered to establish the truth of its contents. *People v Poole*, 444 Mich 151; 506 NW2d 505 (1993). Hearsay is inadmissible as substantive evidence except as the rules of evidence otherwise provide. MRE 802.

Under MRE 801(d)(2), a "statement is not hearsay if—[t]he statement is offered against a party and is (A) the party's own statement . . . ." Here, defendant sought to introduce exculpatory statements that she did not tell the victim she was HIV positive because she was afraid he might kill her and that the victim would not leave the room until he and defendant had sex. These statements were not offered against defendant but were offered by defendant to support her claims of lack of consent and duress. Because the statements were not offered against the party making the statements as required by MRE 801(d)(2), the statements were not admissible under the exception to the hearsay rule regarding an admission by a party.

MRE 803(1) provides an exception for a hearsay statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." See *People v Cross*, 202 Mich App 138, 142; 508 NW2d 144 (1993). Defendant's statements to her roommate, which were made a day after the last incident of sexual intercourse between defendant and the victim, were not admissible as a present sense impression because the statements were not made while defendant was perceiving the event or immediately thereafter.

The "excited utterance" exception to the hearsay rule is set forth in MRE 803(2). This exception encompasses any "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." MRE 803(2). See also *People v Kowalak (On Remand)*, 215 Mich App 554, 557; 546 NW2d 681 (1996). Three criteria must be met before a statement

can be admitted into evidence as an excited utterance. First, the statement must arise out of a startling event; second, it must be made before there has been time for contrivance or misrepresentation by the declarant; and third, it must relate to the circumstances of the startling event. *People v Straight*, 430 Mich 418, 424; 424 NW2d 257 (1988); *Kowalak, supra*, p 557. Here, there was no indication that defendant's statements were made while she was "under the stress of excitement caused by the event or condition." MRE 803(2). Additionally, under the circumstances of this case, the lapse of time between the final instance of sexual intercourse and defendant's statements to her roommate (one day) precludes invocation of the excited utterance exception because we believe that, in this case, there was time for contrivance or misrepresentation. *Id.*

MRE 804(b)(3) provides an exception for a hearsay statement that "was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." As we have indicated above, defendant's statements to her roommate were, to a great extent, exculpatory in nature. To the extent that defendant admitted she engaged in unprotected sexual intercourse with the victim without informing him of her HIV status, however, the statement is clearly contrary to defendant's penal interest. See *People v Barrera*, 451 Mich 261; 547 NW2d 280 (1996). Nevertheless, the statements, which are totally lacking in corroboration, do not meet the

requirement of trustworthiness imposed by MRE 804(b)(3). *Barrera, supra.*

In sum, we believe defendant's statements to her roommate were inadmissible hearsay. Hence, the trial court did not abuse its discretion in excluding the evidence. *People v McAlister,* 203 Mich App 495, 505; 513 NW2d 431 (1994). Even if the evidence were admissible under one of the above exceptions to the hearsay rule, any error in the trial court's decision to disallow the evidence would be harmless in light of the overwhelming evidence of defendant's guilt presented at trial. There is no reasonable probability that the alleged error affected the outcome of the trial. *Hall, supra,* p 609, n 8; *Hubbard, supra,* p 243.

Defendant also argues that the trial court erred in refusing to instruct the jury with regard to the defense of duress. We disagree. Because defendant failed to present sufficient evidence of duress, the trial court did not err in refusing to instruct the jury regarding this defense. *People v Booker (After Remand),* 208 Mich App 163, 175; 527 NW2d 42 (1994).

Next, defendant claims that the trial court erred in admitting blood test evidence because a proper foundation had not been laid for this evidence. Defendant contends that minus the improperly admitted blood test evidence, there was insufficient evidence presented at trial to support her conviction. We disagree.

Defendant was convicted of having the knowledge that she was HIV positive and engaging in sexual penetration without informing her partner of her HIV status, MCL 333.5210; MSA 14.15(5210). The statute, with respect to AIDS, requires that a person "knows that he

or she has" or "has been diagnosed as having" AIDS; with respect to HIV, it requires only that a person "know" that the person is HIV infected, making no mention of a diagnosis.[1] Plaintiff's expert, Dr. Kevin Kiley, testified at trial that unlike AIDS, HIV is not specifically defined by a blood-count variable. Hence, the blood test evidence admitted at trial was not really relevant to the charges against defendant. Moreover, it is clear from the evidence presented at trial that defendant knew she was HIV positive before her sexual encounters with the victim. Defendant not only informed various employees of the foster care home regarding her HIV positive status but also informed Dr. Kiley in October 1990 that she was HIV positive and had been taking medication to combat the infection.

Viewing the evidence presented in a light most favorable to the prosecution, it is clear that defendant knew she was HIV positive when she engaged in sexual intercourse with the victim; therefore, there was sufficient evidence to support her convictions. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Any error in the

---

[1] MCL 333.5210; MSA 14.15(5210) provides as follows:

(1) A person who knows that he or she has or has been diagnosed as having acquired immunodeficiency syndrome or acquired immunodeficiency syndrome related complex, or who knows that he or she is hiv infected, and who engages in sexual penetration with another person without having first informed the other person that he or she has acquired immunodeficiency syndrome or acquired immunodeficiency syndrome related complex or is HIV infected, is guilty of a felony.

(2) As used in this section, "sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

admission of evidence regarding defendant's blood test was harmless in light of the overwhelming evidence of defendant's guilt presented at trial. There is no reasonable probability that the alleged error affected the outcome of the trial. *Hall, supra,* p 609, n 8; *Hubbard, supra,* p 243.

Next, we reject defendant's claim that the trial court erred in denying her motion for a mistrial after a witness briefly indicated that defendant, in spite of knowing she was HIV positive, previously had engaged in unprotected sexual intercourse with other men. The jury was instructed to disregard this testimony. This instruction, coupled with the overwhelming evidence of defendant's guilt presented at trial, leads us to conclude that the testimony was not prejudicial to defendant.

Finally, we conclude that given the seriousness of the circumstances surrounding the offense and offender here, including the fact that defendant's life-threatening behavior indicates that she is a danger to society, defendant's sentences are not disproportionate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.